IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>NATHAN TURNER,<br>　　　　　　　　Plaintiff.<br>_____ | No. C 07-2012 MMC (PR)<br>**ORDER GRANTING MOTION FOR RECONSIDERATION; TRANSFERRING ACTION TO EASTERN DISTRICT OF CALIFORNIA**<br>**(Docket Nos. 6, 7 & 8)** |

Plaintiff, a California prisoner incarcerated at Pleasant Valley State Prison ("PVSP") and proceeding pro se, filed the above-titled civil rights action on April 10, 2007.[1] That same date, the Court notified plaintiff in writing that the action was deficient due to his failure to pay the requisite filing fee or, instead, submit a completed court-approved in forma pauperis ("IFP") application. In said notice, plaintiff was advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, plaintiff was sent a copy of the Court's IFP application, instructions for completing it, and a return envelope. On June 8, 2007, the Court dismissed the action without prejudice because more than thirty days had passed since the deficiency notice and plaintiff had not responded thereto; specifically, plaintiff had neither filed a completed IFP application nor paid the filing fee.

On September 10, 2007, plaintiff filed a motion for reconsideration, accompanied by supporting documentation in which he states, under penalty of perjury, that he was unable to comply with the Court's deficiency notice for the following reasons: (1) he was confined in a

---

[1] The above-titled action was opened by the Clerk's office as a civil rights action when the Clerk received a letter from plaintiff in which he complained about the conditions of his confinement at PVSP.

hospital outside prison grounds in April 2007 due to medical problems, and (2) he was on lockdown status in May 2007 and therefore could obtain the documentation necessary to complete his IFP application only by scheduling an interview with his prison counselor, who was on vacation. Together with his motion for reconsideration plaintiff has submitted a completed IFP application.[2]

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) is inapplicable to plaintiff's motion, because the motion was submitted after the time for filing such a motion had passed. See Fed. R. Civ. P. 59(e) (providing motion must be filed no more than ten days following entry of judgment). Under Rule 60(b), a movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court finds that plaintiff's allegations as to the reasons why he was unable to comply with the Court's deficiency notice in a timely manner constitute grounds for relief under Rule 60(b)(1). Accordingly, the motion for reconsideration will be granted and the judgment of dismissal entered on June 8, 2007 will be vacated. The complaint will not go forward at this time, however, as a review of the allegations therein shows that the Northern District is not the proper venue for plaintiff's action.

Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d

---

[2]Plaintiff submitted two IFP applications together with his motion, but only one of those applications is complete; specifically, only one application includes a completed court-approved IFP form, a completed "Certificate of Funds in Prisoner's Account" signed by an authorized officer at PVSP, and a prisoner trust account statement showing transactions in plaintiff's account for the last six months.

2

1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." See 28 U.S.C. § 1406(a).

It is clear from the complaint that plaintiff's claims arise out of actions alleged to have been committed at PVSP by PVSP employees. PVSP is located in Coalinga, California, which, in turn, is located in Fresno County. As Fresno County is within the venue of the Eastern District of California, venue is proper in the Eastern District, not in the Northern District. See 28 U.S.C. § 84(b). Accordingly, in the interest of justice, the above-titled action will be transferred to the United States District Court for the Eastern District of California. In light of the transfer, this Court will defer to the Eastern District with respect to plaintiff's application to proceed IFP.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for reconsideration is hereby GRANTED and the Court's judgment of dismissal entered on June 8, 2007 is hereby VACATED. The Clerk shall REOPEN the above-titled action.

2. The above-titled action is hereby TRANSFERRED to the United States District Court for the Eastern District of California.

The Clerk shall close the file and terminate Docket Nos. 6, 7 and 8 on this Court's docket.

IT IS SO ORDERED.

DATED: May 15, 2008

MAXINE M. CHESNEY
United States District Judge

3